**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALI MOSHIR, | ) | CASE NO. 4:17 CV 1317 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| SGT. SULLIVAN, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Ali Moshir brings this civil rights action against Northeast Ohio Correctional Center ("NEOCC") Sergeant Sullivan, NEOCC, Corrections Corporation of America ("CCA")/Core Civic, the United States Marshal Service, the United States Government, Mahoning County, the State of Ohio, and "any other could be/would be added as involved entity(s)." (ECF No. 1 at 1). Plaintiff contends the prison will not accept his grievances when he sends them in handmade envelopes constructed from paper towels. He seeks one billion dollars in damages.

## I.   Background

Plaintiff's Complaint is very brief. He indicates he does not have much money in his inmate trust account and the staff will not provide him with envelopes for any purpose other than mail going outside of the prison. He therefore made his own envelopes from paper towels to

send his grievances within the prison. He claims the prison refused to accept his grievances in these envelopes. He does not specify the legal cause(s) of action he wishes to assert.

## II. Standard of Review

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the District Court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**III.     Analysis**

As an initial matter, Plaintiff has not identified a cause of action and none is apparent on the face of the Complaint. He appears to suggest he has a right to send grievances in hand made envelopes. There is no constitutionally protected due process right to unfettered access to prison grievance procedures. *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005). To the extent this is his legal cause of action, he fails to state a claim upon which relief maybe granted.

Furthermore, the United States, the United States Marshal Service, and the State of Ohio are immune from suit. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). The United States government has not consented to suit under *Bivens*.[1] *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). The Eleventh Amendment provides sovereign immunity to the State of Ohio. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Plaintiff cannot bring a *Bivens* claim against NEOCC, or CCA/Core Civic. *Bivens* provides a limited cause of action against individual federal government officers acting under

---

[1]     *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

-3-

color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id*. CCA, now known as Core Civic, is a private corporation that owns and operates NEOCC. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer).

Finally, Plaintiff does not allege any wrong-doing by Mahoning County. He cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). A municipality can only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *See Monell v. Department of Soc. Servs*., 436 U.S. 658, 690(1978). He does not allege any facts suggesting how Mahoning County was involved in the grievance process at NEOCC.

## IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

-4-

faith.[2]

IT IS SO ORDERED.

                                           */s/ John R. Adams*
                                           JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.